01

02

03

04                      UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
05                                AT SEATTLE

06  ABBAS H. AL-IMGHASHGHASH,            )    CASE NO. C06-0058-JCC
                                         )
07          Plaintiff,                   )
                                         )
08      v.                               )    REPORT AND RECOMMENDATION
                                         )    RE: SOCIAL SECURITY
09  JO ANNE B. BARNHART, Commissioner    )    DISABILITY APPEAL
    of Social Security,                  )
10                                       )
            Defendant.                   )
11  _____ )

12          Plaintiff Abbas H. Al-Imghashghash proceeds through counsel in his appeal of a final

13  decision of the Commissioner of the Social Security Administration (Commissioner).   The

14  Commissioner denied plaintiff's application for Supplemental Security Income (SSI) benefits and

15  Disability Insurance (DI) benefits after a hearing before an Administrative Law Judge (ALJ).

16  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of

17  record, it is recommended that this matter be REMANDED for further administrative proceedings.

18                      **FACTS AND PROCEDURAL HISTORY**

19          Plaintiff was born on XXXX, 1969.[1]  He completed high school in Iraq and some post-

20  _____

21          [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the
    General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the
22  official policy on privacy adopted by the Judicial Conference of the United States.

01  secondary school.  Plaintiff previously worked as a dishwasher, cashier, and seafood processor.

02      Plaintiff filed applications for SSI and DI on September 9, 2002, with a protective filing

03  date of August 26, 2002, alleging disability beginning April 29, 1997 due to a right eye injury,

04  brain injury, and left arm injury.  (AR 78-80, 192, 503-07.)  His applications were denied initially

05  and on reconsideration, and he timely requested a hearing.  On May 27, 2004, ALJ Edward

06  Nichols held a hearing, taking testimony from plaintiff and medical expert Dr. Norman Gustofson.

07  (AR 545-91.)  On November 10, 2004, ALJ Nichols issued a decision finding plaintiff not

08  disabled.  (AR 28-34.)

09      Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on

10  November 17, 2005, making the ALJ's decision the final decision of the Commissioner.  (AR 9-

11  13.) Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

13      The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

15      The Commissioner follows a five-step sequential evaluation process for determining

16  whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

17  be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not

18  engaged in substantial gainful activity during the period at issue.  At step two, it must be

19  determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's status

20  post head injury and severe depression severe.  Step three asks whether a claimant's impairments

21  meet or equal a listed impairment.  The ALJ found that plaintiff's impairments did not meet or

22  equal the criteria for any listed impairments.  If a claimant's impairments do not meet or equal a

01 | listing, the Commissioner must assess RFC and determine at step four whether the claimant has

02 | demonstrated an inability to perform past relevant work.  The ALJ assessed plaintiff's RFC and

03 | found him able to perform a limited range of light work, including his past relevant work as a

04 | convenience store cashier or parking lot cashier.  If a claimant demonstrates an inability to perform

05 | past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the

06 | claimant retains the capacity to make an adjustment to work that exists in significant levels in the

07 | national economy.  Finding plaintiff not disabled at step four, the ALJ did not proceed to step five.

08 |      This Court's review of the ALJ's decision is limited to whether the decision is in

09 | accordance with the law and the findings supported by substantial evidence in the record as a

10 | whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

11 | than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

12 | mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750

13 | (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

14 | decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

15 | 2002).

16 |      Plaintiff initially requested remand for an award for benefits in this case.  However, in

17 | reply, plaintiff agreed with the Commissioner that a "sentence four" remand for further

18 | administrative proceedings would be appropriate. *See* 42 U.S.C. § 405(g) ("The court shall have

19 | power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying,

20 | or reversing the decision of the Commissioner of Social Security, with or without remanding the

21 | cause for a rehearing.")  The only remaining dispute relates to new evidence the Commissioner

22 | submitted with her memorandum requesting remand.  Plaintiff also requests that this Court provide

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -3

01     specific directions to the Commissioner in conducting further administrative proceedings.

02     <u>New Evidence Submitted by Commissioner</u>

03     The Commissioner asserted the need for further administrative proceedings based, in part,

04     on the recent discovery of earnings posted to plaintiff's earnings record for the years 2004 and

05     2005 – $11,396.24 and $5,305.85 respectively. ( *See* Dkt. 15 at 6-7 & Dkt. 16.)   The

06     Commissioner states that this information must be addressed by the ALJ to determine if any of the

07     earnings represent substantial gainful activity during the alleged period of disability, and because

08     the additional earnings provide plaintiff with additional quarters of coverage and will extend

09     plaintiff's date last insured.  The Commissioner further states that, although evidence not part of

10     the record before the ALJ is ordinarily not reviewable by the courts other than pursuant to

11     sentence six of 42 U.S.C. § 405(g),[2] other errors in the ALJ's decision call for the remand of the

12     entire matter pursuant to sentence four.  Plaintiff responds that the earnings, if accurate, are not

13     part of the administrative record in these proceedings and that the Commissioner lacks any

14     statutory or regulatory basis to file additional evidence that does not relate to the decision before

15     the Court.

16     As indicated above, the parties agree that this matter should be remanded for further

17     administrative proceedings.  On remand, "[a]ny issues relating to [plaintiff's] claim may be

18     considered by the administrative law judge whether or not they were raised in the administrative

19     proceedings leading to the final decision in [his] case."   20 C.F.R. §§ 404.983, 416.1482

20

21     [2] Pursuant to a sentence six remand, "[t]he court . . . may at any time order additional
evidence to be taken before the Commissioner . . . , but only upon a showing that there is new

22     evidence which is material and that there is good cause for the failure to incorporate such evidence
into the record in a prior proceeding[.]" 42 U.S.C. § 405(g).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -4

01  (addressing cases remanded by a federal court).  Accordingly, upon remand of this matter for

02  further administrative proceedings, the ALJ may consider plaintiff's earnings during the relevant

03  time period and any evidence pertinent to that step one inquiry.

04  <u>Directions on Remand</u>

05       In accordance with plaintiff's request, the undersigned provides guidance for the ALJ on

06  remand.  On remand, the ALJ should do the following:

07  •      Evaluate plaintiff's mental impairments pursuant to the requirements of 20 C.F.R. §§

08         404.1520a(e)(2) and 416.920a(e)(2).

09  •      Reassess physicians' opinions.  *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996)

10  (in general, more weight should be given to the opinion of a treating physician than to a non-

11  treating physician, and more weight to the opinion of an examining physician than to a non-

12  examining physician; where not contradicted by another physician, a treating or examining

13  physician's opinion may be rejected only for "'clear and convincing'" reasons; where contradicted,

14  a treating or examining physician's opinion may not be rejected without "'specific and legitimate

15  reasons' supported by substantial evidence in the record for so doing." (quoting *Baxter v.*

16  *Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991) and *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

17  1983)).  In particular, the ALJ should:

18  •      Address the opinions of treating physician Dr. William Longstreth, including his

19         diagnoses of opthlmoplegia with dipopia, central pain syndrome with dysesthesias

20         in the left upper extremity, and post-traumatic neuropsychiatric syndrome;

21  •      Address the opinions of examining physicians Drs. Elena Robinson, Dana Harmon,

22         Kenneth Muscatel, Ronald Early, and Alan Breen;

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -5

- Address the opinions of the state agency psychologists that plaintiff was limited to simple tasks and should not work directly with the public; and

- Address the results of a physical capacities evaluation conducted in June 2000 which indicated plaintiff could perform work in the "sedentary-light" category. (AR 389-92).

- Reassess plaintiff's testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains."); *Lester*, 81 F.3d at 834 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."); Social Security Ruling 96-7p.

- Address evidence of medication side effects.

- Further consider and make new findings at all steps of the sequential evaluation process, including whether plaintiff engaged in substantial gainful activity during the period at issue, the reassessment of plaintiff's RFC, the inclusion of limitations to account for all of plaintiff's impairments, and, if necessary, an assessment at step five.

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -6

01

## **CONCLUSION**

02      This matter should be REMANDED for further administrative proceedings consistent with

03  the above discussion.  A proposed order accompanies this Report and Recommendation.

04      DATED this 30th day of August, 2006.

05

06                                              Mary Alice Theiler
                                                United States Magistrate Judge

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE -7